**Wendell Gayle HILTON d/b/a Sprinkler System Supply, Appellant,**

v.

**TEXAS INVESTMENT BANK, N.A., Appellee.**

No. A14–82–334CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 20, 1983.

Rehearing Denied May 12, 1983.

Daniel K. Trevino, Jr., Law Offices of Daniel K. Trevino, Houston, for appellant.

Edith H. Jones, Richard P. Colquitt, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

Appellant, Wendell Gayle Hilton, d/b/a Sprinkler Systems Supply, appeals from the granting of a summary judgment in favor of appellee, Texas Investment Bank. We reverse and remand.

Appellee, plaintiff in the court below, brought suit against appellant to recover a debt owing on a promissory note executed by appellant that was payable on demand to appellee. The note was secured by an assignment to appellee of a letter of credit issued by Industrial State Bank to Sprinkler Systems Supply, the beneficiary of the letter of credit. The letter of credit was in an amount equal to that of the original promissory note. The letter of credit contained on its face certain prerequisites before Industrial State Bank was obligated to pay. Appellee attempted to receive payment on the letter of credit, but, as the summary judgment evidence reveals, appellee failed to follow the explicit stated instructions in the letter of credit. The letter of credit expired on April 6, 1980.

In a separate cause of action, appellee sued Industrial State Bank for damages alleging from wrongful dishonor of the irrevocable letter of credit. Appellant intervened in that suit and became a party thereto. Appellant also filed a plea in abatement in the present case which was denied by the trial court.

Appellee filed a motion for summary judgment pursuant to Tex.R.Civ.P. 166-A alleging that appellant's failure to pay the promissory note on demand and the affidavit of a banking officer stating that the debt was owed constituted sufficient summary judgment evidence to establish a prima facie case in its favor. Appellant filed a written response to the motion, wherein he asserted as an affirmative defense that the bank had negligently handled the letter of

credit by not presenting it as required by its terms, causing it to expire.

 In two points of error, appellant contends that the trial court erred by granting appellee's motion for summary judgment because a genuine issue of fact was raised by appellant's affirmative defense of negligence on the bank's part, and because the trial court erroneously found the bank did not owe a statutory duty to protect and preserve appellant's collateral. An affirmative defense can be utilized by the non-movant in a summary judgment proceeding in order to raise "a genuine issue as to any material fact" and thereby defeat the motion for summary judgment under Tex.R. Civ.P. 166–A. The appellant, when relying on an affirmative defense for this purpose, must present sufficient written evidence in support of that defense to establish an issue of fact. *Stevenson v. Reese,* 593 S.W.2d 828, 830 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). In *Crawford v. Pullman Incorporated,* 630 S.W.2d 377 (Tex.Civ.App.—Houston [14th Dist.] 1982, no writ) the court cited *Cloys v. Turbin,* 608 S.W.2d 697 (Tex.Civ.App.—Dallas 1980, no writ) as follows:

> Further, the controverting summary judgment evidence introduced by the non-movant need only be sufficient to raise an issue of fact with respect to the element or elements negated by the movant's summary judgment evidence; it need not be sufficient to meet the burden of persuasion that the non-movant plaintiff would have at trial. 608 S.W.2d at 700.

In the present case, appellant presented sufficient controverting evidence which consisted of an affidavit based on personal knowledge, and numerous exhibits attached to his opposition to the motion for summary judgment. This court is required to accept as true all evidence which tends to support the appellant's contentions, and must resolve in his favor all conflicts in his testimony or in other summary judgment evidence giving him the benefit of all intendments reasonably deducible in his behalf. We are of the view that once appellee undertook to present the letter of credit to Industrial State Bank for payment, it was under a duty to preserve appellant's collateral in accordance with its stated terms. This action by appellee and the extent of the duty attendant there to, constitutes a fact question for the trial court or jury to determine. Summary judgment should never be granted when the issues are inherently those for a jury or trial judge, as in cases involving intent, reliance, reasonable care, uncertainty and the like. *Kolb v. Texas Employers' Insurance Association,* 585 S.W.2d 870 (Tex. Civ.App.—Texarkana 1979, writ ref'd n.r. e.). Because the controverting evidence raises a fact issue, summary judgment for appellee is precluded as a matter of law.

Accordingly, we reverse the judgment and remand the case to the trial court.