William C. COCKE, Appellant,

v.

MERIDIAN SAVINGS
ASSOCIATION, Appellee.

No. 13–88–338–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1989.

Rehearing Denied Oct. 19, 1989.

---

C.A. David, Hilgers & Watkins, Austin, for appellant.

John T. Reynolds, Ingram, Linnartz & Reynolds, San Antonio, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

Meridian Savings Association (Meridian) brought suit to recover the deficiency on a promissory note executed by William C. Cocke (Cocke). By four points of error, Cocke complains of the trial court's granting of summary judgment in favor of Meridian, and the court's denial of his motion for continuance. We affirm the judgment of the trial court.

On April 29, 1985, Mr. Cocke, in his individual capacity, executed a Loan Agreement, a Deed of Trust and a Promissory Note in the stated principal amount of the loan at $1,831,000. Cocke failed to pay under the terms of the promissory note. Meridian, after accelerating the maturity of the promissory note and all advanced unpaid principal and accrued interest, foreclosed on the real property securing payment of the note. The property was sold at the substitute trustee's sale to Meridian for $1,225,000.00. Meridian sought to recover $1,164,083.74 still due and owing.

Meridian moved for summary judgment on the basis that the summary judgment evidence established as a matter of law that Cocke executed the promissory note, that it was delivered, and that Cocke failed to pay. Meridian urged that the parol evidence rule would bar any evidence contrary to the promissory note. At the time the motion was filed, no defense had been pled by Cocke.

Subsequent to the motion for summary judgment, Cocke filed an amended answer, asserting a general denial as well as an affirmative defense of coercion, fraud, conspiracy, and failure to mitigate damages. Cocke also filed a counterclaim alleging coercion, fraud, and conspiracy. Cocke responded to Meridian's motion for summary judgment by claiming the following:

1) that Meridian failed to prove a valid foreclosure sale because there was no summary judgment proof of service, posting or filing as required by the Deed of Trust and Property Code,

2) that Meridian had breached its duty to mitigate damages by delaying foreclosure,

3) that a fact issue as to whether Cocke was fraudulently induced by Meridian in conspiracy to enter the transaction existed.

Meridian replied to Cocke's responses by filing proof to show valid foreclosure and motion to disregard the hearsay statements in Cocke's affidavit. The trial court granted summary judgment ordering Cocke to pay $1,164,083.74 plus post judgment interest and attorney fees. The trial court ordered that Cocke recover nothing on his counterclaim and ordered "all issued having been adjudicated this order shall be and is a final judgment."[1]

---

1. Although Meridian did not request the trial court to grant summary judgment on the counterclaim, since no complaint was made at trial or appeal, and the order expressly stated it was final, we need not address the error. *Young v. Hodde,* 682 S.W.2d 236, 237 (Tex.1984); *Mat-*

■ By his first point of error, Cocke contends the trial court abused its discretion by not granting his motion for continuance. The determination of a request for continuance of a summary judgment hearing is within the discretion of the trial court, and will not be overturned unless a clear abuse of discretion is shown. *Schero v. Astra Bar, Inc.,* 596 S.W.2d 613, 615 (Tex.Civ.App.—Corpus Christi 1980, no writ). Abuse of discretion exists when the court's decision is arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238 (Tex.1985).

■ In the motion for continuance, Cocke relied on numerous grounds, however, the only ground presented to this court on appeal is that concerning the late-filing of the affidavit of Richard Purdy. The motion for continuance averred that the affidavit was not timely filed. Ten days prior to the date of the summary judgment hearing, Meridian filed notice of the filing of an additional affidavit as proof for its summary judgment—the affidavit of Richard Purdy. Seven days before the hearing Meridian filed a formal motion for leave to file the Purdy affidavit. Six days before the hearing, Cocke filed the motion for continuance, averring, *inter alia,* that the affidavit of Purdy was late-filed. Three days before the summary judgment hearing the court denied the motion for continuance. On the day of the hearing, the court granted Meridian's motion for leave to file the Purdy affidavit; as well as the motion by Cocke for leave to file a supplemental response to the motion for summary judgment.

No abuse of discretion is shown. The motion does not allege that the late-filed affidavit prevented him from presenting facts essential to his opposition. Tex.R. Civ.P. 166a(f). On appeal, Cocke complained that he was denied reasonable response time because he was served with the affidavit only ten days before the hearing date, and only three days before the time his response was due. The fact that Meridian filed a late-filed affidavit does not

entitle the party to a motion for continuance. Without assertions that the late-filed affidavit prohibited Cocke from presenting facts essential to his opposition or other explanation of harm, we find the trial court did not abuse its discretion. *See* Tex.R. Civ.P. 166a(f); *Schero,* 596 S.W.2d at 615; *Olivares v. State,* 693 S.W.2d 486, 490 (Tex.App.—San Antonio 1985, writ dism'd). Further the trial court did grant Cocke leave to supplement their response.

■ By point of error two, Cocke contests the entry of summary judgment on the basis that material fact issues existed concerning the affirmative defense. When the party opposing a summary judgment relies on an affirmative defense, he must come forward with summary judgment evidence sufficient to raise an issue of fact on each element of the defense to avoid summary judgment. *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984); *Donaldson v. Lake Vista Community Improvement Association,* 718 S.W.2d 815, 817 (Tex.App. —Corpus Christi 1986, writ ref'd n.r.e.). Meridian responds that the summary judgment evidence fails to raise a fact issue because it would not be admissible in evidence at a conventional trial because it relies on hearsay statements and the parol evidence rule prohibits evidence of prior agreements. Further, Meridian asserts that even if the parol evidence rule did not prohibit the evidence, the evidence still failed to raise a fact issue.

■ Ordinarily, a negotiable instrument which is clear and express in its terms cannot be varied by parol agreements or representations. *Town North National Bank v. Broaddus,* 569 S.W.2d 489, 491 (Tex.1978). An exception to the rule is when a party makes a showing of fraud in the inducement. Fraud in the inducement of promissory notes requires a showing of some type of trickery, artifice or device.

■ To determine if the summary judgment evidence showed fraud in the inducement we review the summary judgment evidence relied on by Cocke. Cocke's affi-

*thews Trucking Co. v. Smith,* 682 S.W.2d 237, 239 (Tex.1984); *see also Velchoff v. Campbell,*

710 S.W.2d 613, 615 (Tex.App.—Dallas 1986, no writ).

davit includes testimony that he relied on the statements by officers of Universal Savings or Universal Service Co. that they would obtain a subsequent loan to repay Meridian and he was tricked into thinking he would not be responsible for repaying the loan. His deposition testimony explains that he met with representatives of Universal Service Corp. regarding the development of the land for a condominium project. They were going to split the profits fifty-fifty at one time. Universal at first represented it would provide the financing for the raw land loan, but then arranged for Cocke to have Meridian finance the raw land loan. According to Cocke, Universal represented they would pay off Meridian when they got into the construction phase of the project. But this second loan fell through for reasons he is unaware of, but partly because of a decline in the financial condition of Universal Savings, as well as other savings and loans institutions. Cocke explained that he had very little to do with the loan besides signing the loan documents and the bank drafts. He testified that the bank officers had contact with Meridian, not him.

Mr. Hargrave's affidavit includes testimony that he was an officer with Universal and was the project manager for the pre-development work on the project. He testified that he prepared all the draw applications with a loan from Meridian. Mr. Brown testified he represented Meridian at the closing and knew nothing about a take-out loan to take out the Bill Cocke loan and pay off Meridian.

An exhibit attached to Cocke's response includes two documents Cocke said were produced by Meridian in response to Cocke's request for production. One document was a memorandum "to management committee" from "Lending Division" regarding "The William Cocke Loan" dated December 5, 1985. The memo referred to problems with the loan, including past due interest payment. It says they talked with Mr. Cocke who referred them to Mr. Hargrave of Universal Savings regarding the problems of the loan. Mr. Hargrave stated that the next day he was meeting with

Charter Savings to confirm an $8,000,000 construction loan which would pay "MSA out."

Another document relied on is entitled "Meridian Savings Association Executive Loan Committee Minutes," dated July 16, 1986. It said that a loan, of $2,000,000.00 was approved for development of La Posada Del Mar to purchase a participation in a construction loan with Charter Savings. It said, "all put proceeds from sales will be applied to loan. This will result in the William Cocke loan being paid out and replaced by this participation in the development of the property."

So the following is presented by the summary evidence proof regarding fraud in the inducement.

1) that Cocke did not apply for the loan, rather all the loan arrangements were handled by Universal Savings,

2) that Cocke had few dealings with Meridian, besides signing the loan documents,

3) that the majority of the operations regarding pre-development work was handled by a Universal Service officer, with Cocke only signing the bank drafts at the officer's instructions,

4) that allegedly Cocke was told by officers of Universal Savings or Universal Service Corp. that a different loan would be obtained that would repay Meridian for the loan obtained by the note Cocke signed,

5) that Meridian had been told by a Universal Service Corp. officer that a future loan would pay the Cocke loan,

6) that Meridian had approved participation in a construction loan that would pay out the Cocke loan,

7) that no second loan was ever obtained.

While the evidence raises a fact issue regarding the parties' expectations to get a subsequent loan to pay the Cocke loan, it does not show evidence of trickery that would make the evidence admissible as an exception to the parol evidence rule. *See Albritton Development Co. v. Glendon Investments, Inc.*, 700 S.W.2d 244, 246 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.) (summary judgment proof in promissory note cases has to be more than an

affidavit containing allegations that the payee represented no payment be due—rather it has to provide details of a fraudulent scheme or trickery that accompanied the representation); *Friday v. Grant Plaza Huntsville Associates*, 713 S.W.2d 755, 756 (Tex.App.—Houston [1st Dist.] 1986, no writ) (summary judgment evidence that a party relied on representation he would not be liable for guaranty of lease contract and that guaranty was to be used to assist in obtaining permanent financing did not show trick or artifice so as to be an exception to the parol evidence rule.)

Furthermore, even if the evidence was an exception, it would fail to raise a fact issue of the defense of fraud. The elements of common law fraud are: 1) a material misrepresentation was made; 2) it was false; 3) the speaker knew it was false when it was made; 4) the representation was made that it should be acted upon by the party; 5) the party acted in reliance on it; and 6) the party suffered injury. *Trenholm v. Ratcliff*, 646 S.W.2d 927, 930 (Tex.1983); *Corpus Christi v. S.S. Smith & Sons Masonry, Inc.*, 736 S.W.2d 247 (Tex.App.—Corpus Christi 1987, writ denied).

■ The evidence does not raise a fact issue that the parties did not intend to get the loan when Meridian allegedly told Cocke a future loan would be obtained to pay the Cocke lease. With the absence of evidence of contemporaneous intent not to perform, Cocke's fraud claim fails. *Acoustical Screens in Color, Inc. v. T.C. Lordon Co.*, 524 S.W.2d 346, 349 (Tex.Civ.App.—Dallas 1975, writ ref'd n.r.e.); *Medina v. Sherrod*, 391 S.W.2d 66, 69 (Tex.Civ.App.—San Antonio 1965, no writ).

By his sixth and seventh points of error, Cocke contends the trial court erred in granting summary judgment because a fact issue was raised whether Meridian failed to mitigate damages. Specifically, Cocke complains that Meridian failed to mitigate the damages by selling the property ten months after the earliest possibility, during which time the property devalued by $300,000. Appellant argues that this Court should consider the policy and reasoning underlying the requirements of miti-gation in contract law and the uniform commercial code and create a duty to mitigate. We decline to create a duty to mitigate in property law. *See Brown v. RepublicBank First National*, 766 S.W.2d 203, 204–05 (1988). In property law, a party who believes the foreclosed property was sold for an inadequate price can seek avoidance of a deed of trust foreclosure with proof of grossly inadequate price and irregularities that were calculated to cause and did contribute to the inadequacy in price. *See Collum v. DeLoughter*, 535 S.W.2d 390, 392 (Tex.Civ.App.—Texarkana 1976, writ ref'd n.r.e.).

Here, Cocke was relying on evidence that the sale took place 10 months from the earliest day the property could have been sold and that within that time period the property lost value of $300,000. This does not raise a fact issue that the sale price was grossly inadequate and that irregularities or fraud occurred.

The judgment of the trial court is AFFIRMED.