Hart v Graves 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-150-CV





HART PROPERTIES, INC. AND MICHAEL J. HART,



 APPELLANTS


vs.





PAGE GRAVES,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 91-12711, HONORABLE JOE B. DIBRELL, JUDGE PRESIDING



 




 Appellants Hart Properties, Inc., and Michael J. Hart appeal the rendition of a
summary judgment in favor of appellee Page Graves on a promissory note and guaranty
agreement. We will reverse the trial court judgment.

 Hart Properties purchased Galtronics, Inc., a wholesale electronic parts distribution
business. As part of the purchase, Hart Properties executed a promissory note in the principal
amount of $125,364.54, and Michael J. Hart executed a guaranty agreement. Page Graves,
president and principal shareholder of Galtronics, became the owner and holder of the promissory
note and the guaranty agreement. After Hart Properties ceased making payments on the note,
Graves brought suit to collect the balance due. The trial court rendered summary judgment for
Graves in the amount of $85,269.81.

 Appellants' single point of error complains that summary judgment was improper
because the record reflects a material fact issue regarding their defense of fraud in their
inducment. In their amended answer and response to Graves's motion for summary judgment,
appellants raised this defense and claimed they were entitled to an offset of at least $50,000.00. 
They alleged that Graves induced them to enter the transaction by misrepresenting as "very small"
the percentage of Galtronics's accounts that were reserved for minority-owned or female-owned
businesses ("set-asides"). Because Hart Properties is neither minority-owned nor female-owned,
appellants alleged the company was unable to retain approximately fifty percent of the accounts
purchased from Galtronics.

 The movant for summary judgment has the burden of showing that there is no
genuine issue of material fact and that it is entitled to judgment as a matter of law. Nixon v. Mr.
Property Management Co., 690 S.W.2d 546, 548 (Tex. 1985). In deciding whether there is a
disputed material fact issue precluding summary judgment, we must take as true all evidence
favoring the non-movant and indulge every reasonable inference and resolve every doubt in favor
of the non-movant. Id. at 548-49. A party who successfully relies on an affirmative defense to
oppose a summary judgment must come forward with summary judgment proof sufficient to raise
a fact issue on each element of the defense. Seale v. Nichols, 505 S.W.2d 251, 254 (Tex. 1974).


PAROL EVIDENCE RULE


 In reply to appellants' point of error, Graves first argues that the parol evidence
rule bars consideration of extrinsic evidence to contradict or modify a negotiable instrument. A
showing of fraud in the inducement, however, provides an exception to the rule. Cocke v.
Meridian Sav. Ass'n, 778 S.W.2d 516, 518 (Tex. App.--Corpus Christi 1989, no writ); see also
Town N. Nat'l Bank v. Broaddus, 569 S.W.2d 489, 492 (Tex. 1978). In the context of suits based
on promissory notes, a showing of trickery, artifice, or device, beyond a mere statement by the
payee that the maker would not be liable, is necessary to overcome the parol evidence rule. 
Broaddus, 569 S.W.2d at 494; Wooldridge v. Groos Nat'l Bank, 603 S.W.2d 335, 342 (Tex.
Civ. App.--Waco 1980, no writ). 

 Graves argues that appellants have failed to show evidence of trickery, artifice, or
device sufficient to overcome the parol evidence rule. We disagree. The cases relied upon by
Graves are distinguishable from the case at hand. In Litton v. Hanley, 823 S.W.2d 428, 430
(Tex. App.--Houston [1st Dist.] 1992, no writ), a businessman executed a promissory note to his
partner to buy his partner's ownership in their restaurant. After the maker of the note failed to
make any payments, the payee brought suit. Id. at 429. The maker argued that he had been
induced into signing the note by the payee's promise that he would not be liable on the note unless
the business succeeded. Id. The court of appeals held that the trial court erred in allowing
evidence of the promise because the maker did not prove any evidence of trickery, artifice, or
device in addition to the payee's promise that the maker would not be liable. Id. at 431.

 Similarly, the defendant in Cocke, 778 S.W.2d at 519, failed to show evidence of
trickery that would support an exception to the parol evidence rule. In Cocke, the maker claimed
that he had been tricked into signing the note because a third party had told him that a subsequent
loan, which was never obtained, would pay and satisfy his loan. While the summary judgment
record raised a fact issue regarding the parties' expectations to obtain a subsequent loan to pay
off the Cocke loan, it did not show evidence of trickery, artifice, or device on the part of the
payee. Id.

 Here, however, Hart's affidavit goes beyond a mere statement that the maker might
not be called upon to pay the note. Hart's affidavit stating that Graves affirmatively
misrepresented the percentage of Galtronics's accounts subject to set-asides is some proof of
intentional deception sufficient to defeat the parol evidence rule. Thus, Graves failed to prove she
was entitled to judgment in the amount claimed as a matter of law.



AFFIRMATIVE DEFENSE


 Appellants were required to come forward with proof in support of their affirmative
defense. Seale, 505 S.W.2d at 254. The elements of fraud are:



1. a material misrepresentation was made;


2. it was false;


3. the speaker knew it was false when made;


4. the speaker intended that it should be acted upon by the party;


5. the party actually relied on the statement; and


6. the party suffered injury.



Trenholm v. Ratcliff, 646 S.W.2d 927, 930 (Tex. 1983); Cocke, 778 S.W.2d at 520. 

 Graves argues that appellants failed to present evidence that Graves knew that the
set-asides were larger than she had represented. Hart's affidavit contains proof of three
circumstances indicating that Graves knew the representations were false when made:



1) As the president and principal shareholder in Galtronics, it is unlikely that
Graves would be unaware of any aspect of her business as significant as the
extent of her set-aside contracts;


2) Graves was personally involved in the negotiations; no agent of the
corporation made the representations without her knowledge;


3) The sheer size of the discrepancy between what she allegedly said was the
percentage of minority set-asides ("very small") and what was ultimately
found ("approximately 50%") dispels any notion that she was innocently
mistaken in her estimate.



We agree that these circumstances, if true, create a fact issue concerning Graves's knowledge
about her representation.

 Graves also contends that appellants failed to present evidence of materiality. 
"Materiality" means that the misrepresentation induced the complaining party to act. Manges v.
Astra Bar, Inc., 596 S.W.2d 605, 611 (Tex. Civ. App.--Corpus Christi 1980, writ ref'd n.r.e.). 
Hart stated that many corporate purchasers of electronic equipment set aside contracts for
minority-owned and female-owned businesses. Knowing this, he asked Graves in advance about
her company's set-asides because "this was important." These allegations create a fact issue
regarding the importance of the set-asides to the bargain entered.

 Next, Graves contends that appellants provided no evidence that she intended them
to rely on her representation. Intent is a fact question uniquely within the realm of the trier of fact
because it depends upon the credibility of the witnesses and the weight to be given to their
testimony. Spoljaric v. Percival Tours, Inc., 708 S.W.2d 432, 434 (Tex. 1986). Since intent to
defraud is not susceptible of direct proof, it invariably must be proven by circumstantial evidence. 
Id. at 435. 

 Graves insists that direct testimony is required to show a purposeful state of mind,
citing no authority for such a proposition. Under her view, no party attempting to raise fraud as
a defense to summary judgment could succeed, as no oral testimony is allowed at this stage. Tex.
R. Civ. P. 166a(c). Furthermore, summary judgment seldom is proper when the issues are
inherently those for a jury or trial judge, as in cases involving intent, reliance, reasonable care,
uncertainty, and the like. Hilton v. Texas Inv. Bank, N.A., 650 S.W.2d 545, 547 (Tex.
App.--Houston [14th Dist.] 1983, no writ). 

 Hart states in his affidavit that Graves falsely responded to a direct question from
Hart about set-asides. As a female owner in the electronics industry, she presumably would have
known of the importance of this question and that Hart would rely upon her answer, as he would
be ineligible for set-aside contracts. A fact issue exists on the question of her intent to cause
reliance.

 Finally, Graves contends that her statement about the set-asides was merely a
collateral promise and therefore appellants cannot avoid the parol evidence rule. Her statement,
however, was not a promise; it was a representation in answer to a specific question from Hart. 
Neither was it "collateral," as Hart's affidavit provides some evidence tending to show fraud in
the inducement of the bargain. 

 Whether fraud can be proven on the merits, the summary judgment record
including Hart's affidavit contains evidence sufficient to raise the affirmative defense of fraud in
the inducement. Indeed, it is the only evidence in the record regarding the conversation between
Hart and Graves. Because material fact questions remain at issue, we sustain Hart's point of
error, reverse the summary judgment, and remand the case to the district court for trial.


 

 Marilyn Aboussie, Justice

[Before Justices Powers, Aboussie and B. A. Smith]

Reversed and Remanded

Filed: October 14, 1992

[Do Not Publish]