myers 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-135-CV





 LIVING GARDENS LANDSCAPE DEVELOPMENT, INC. AND H. MERLE MYERS,




 APPELLANTS


vs.





TEXAS COMMERCE BANK-AUSTIN, NATIONAL ASSOCIATION,




 APPELLEE




 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT



NO. 406,254, HONORABLE JOE B. DIBRELL, JR., JUDGE PRESIDING



 






 As defendants in an original action severed from this cause, appellants, H. Merle
Myers and Living Gardens Landscape Development (Living Gardens) filed a third-party claim
against appellee, Texas Commerce Bank-Austin (Texas Commerce). Texas Commerce filed a
cross-claim against Myers and Living Gardens to recover under a promissory note and guaranty. 
Texas Commerce moved for summary judgment and later non-suited its cross-claim against Living
Gardens. The trial court granted the summary judgment, rendering a take-nothing judgment on
Myers' and Living Gardens' third-party claims against Texas Commerce, and ordering that Texas
Commerce recover $528,985.76 from Myers, plus post-judgment interest. (1) Myers and Living
Gardens appeal this summary judgment.



BACKGROUND


 John Vaughan and Mickey Vaughan sold their landscaping business to Living
Gardens, a corporation formed by Myers. In exchange for the business, Living Gardens signed
a promissory note to the Vaughans for $325,100, and Myers guaranteed this debt. The parties
later reduced the note to $322,900.

 Two months later, the Vaughans pledged the note and guaranty as collateral for a
loan from Texas Commerce. (2) Before the security agreement was signed, Living Gardens executed
an estoppel certificate, signed by Myers as president of Living Gardens, stating that Living
Gardens had no defenses to the enforceability of the note, guaranty, or the security agreement. 
Living Gardens defaulted on the note that secured the Vaughans' loan with Texas Commerce, and
the Vaughans defaulted on their loan secured by the Living Gardens note and Myers' guaranty. 
As a secured creditor, Texas Commerce held a public sale and purchased the note and guaranty
as the highest bidder. 

 The Vaughans filed suit against Myers and Living Gardens for breach of the sales
contract and the purchase agreement. Myers and Living Gardens filed a third-party claim against
Texas Commerce. They sought a declaratory judgment that Texas Commerce had no right to
recover against Myers and Living Gardens under the note and guaranty because they were subject
to all defenses they had against the Vaughans. They additionally sought damages under civil
conspiracy and fraud claims. They stated that the Vaughans secured the sale documents from
them through fraud; they further contended that the Vaughans acted as agents for Texas
Commerce which ratified their fraudulent actions, and that Texas Commerce participated in a civil
conspiracy with the Vaughans to defraud them.

 Texas Commerce made a general denial to the third-party claims and, as purchaser
of the note and guaranty, filed a cross-claim against Myers and Living Gardens to recover under
the instruments. Myers and Living Gardens made a general denial and alleged as one of their
affirmative defenses that the "underlying documents were obtained by fraud."

 Texas Commerce moved for summary judgment against Myers and Living Gardens. 
To support its motion, Texas Commerce attached sworn copies of the note, guaranty, estoppel
certificate, security agreement, and public sales documents, along with deposition excerpts and
three sworn affidavits. Texas Commerce stated that it was entitled to full recovery against Myers
and Living Gardens under the note and guaranty and to a take-nothing judgment against Myers
and Living Gardens for their third-party fraud and conspiracy claims.

 In their written response, Myers and Living Gardens asserted that there were
genuine issues of material fact precluding summary judgment and stated: "More particularly,
there is a dispute as to the date, time, and effect of the granting of line of credit on note, with
notice of defenses to the note." They asserted that neither the note nor the guaranty was
negotiable, and that "the bank was informed of the defenses to the note by telephone and letter;
therefore, the statement that there was no notice of the defenses is incorrect." Myers and Living
Gardens attached an unverified letter to its response, addressed to Texas Commerce and signed
by Myers, alleging the Vaughans made misrepresentations to them in obtaining the estoppel
certificate and asking the bank not to rely on the certificate. 

 Texas Commerce non-suited its claims against Living Gardens, and proceeded only
against Myers as guarantor. The trial court granted the summary judgment motion, rendering a
take-nothing judgment against Myers and Living Gardens on their claims against Texas Commerce
and ordering recovery against Myers. The trial court severed the original action involving the
Vaughans from the third party action, making the summary judgment final.



 DISCUSSION


 We must apply three standards in reviewing a summary judgment: (1) the movant
has the burden of showing that no genuine issue of material fact exists and that he is entitled to
judgment as a matter of law; (2) in deciding whether a disputed material fact issue exists, we must
take the evidence favorable to the non-movant as true; and (3) we must indulge every reasonable
inference in favor of the non-movant and resolve any doubts in his favor. Nixon v. Mr. Property
Management, 690 S.W.2d 546, 548-49 (Tex. 1985).

 With respect to the take-nothing judgment on their conspiracy and fraud claims
against Texas Commerce, appellants argue only that Texas Commerce did not request any
judgment with respect to these claims. See Chesser v. Southwestern Bell Tel. Co., 658 S.W.2d
563, 564 (Tex. 1983) (one may not be granted judgment as a matter of law on a cause of action
not addressed in a summary judgment proceeding). We disagree. 

 Paragraphs XII and XIII of the Bank's motion for summary judgment specifically
address the third-party fraud and conspiracy claims against the Bank as grounds for summary
judgment. Paragraph XII states that Texas Commerce did not conspire with the Vaughans to
defraud Living Gardens and Myers and that there was no meeting of the minds between Texas
Commerce and the Vaughans. In Paragraph XIII, Texas Commerce further states that the
Vaughans did not act as Texas Commerce's agents, and Texas Commerce did not consent to,
ratify, or have knowledge of any of the Vaughan's actions. To support these grounds, Texas
Commerce attached the affidavits of R.A. Press and Stephen Obemeyer. Finally, in its prayer,
Texas Commerce states that it was entitled to a take-nothing judgment on the third-party claims
as a matter of law. Because Texas Commerce stated specific grounds in paragraph XII and XIII,
by addressing the elements of civil conspiracy and fraud, the third-party claims were properly
before the trial court. We overrule appellants' second point of error.

 In their first point of error, while appellants assign a broad point that the trial court
erred in granting a motion for summary judgment, their argument addresses only Texas
Commerce's recovery against Myers under his personal guaranty; they argue that their verified
pleading alleging fraud and a letter addressed to Texas Commerce alleging misrepresentation are
sufficient to raise the defense of fraud. (3) We therefore limit our review of the summary judgment
evidence to Texas Commerce's recovery under the guaranty. See Tex. R. App. P. 74(f); Martin
v. Cohen, 804 S.W.2d 201, 202 (Tex. App.--Houston [14th Dist.] 1991, no writ) ("Merely making
an unsupported allegation of error without argument or authority constitutes a waiver of appellate
review.").

 We note that Texas Commerce met its initial burden of establishing its right to
recover under the personal guaranty. It attached to its motion copies of the underlying note and
the guaranty. In addition, Texas Commerce attached the security agreement and public sales
documents, showing that the Vaughans assigned the note and guaranty to Texas Commerce as
collateral for the loan and that Texas Commerce acquired the note and guaranty as a secured
creditor by public sale. It also attached the estoppel certificate, which stated that there were no
defenses enforceable against the note, guaranty, or security agreement. In his affidavit, Mr. Press
swears that these documents are true and correct copies, thus making them competent summary
judgment evidence. See Life Ins. Co. of Va. v. Gar-Dal, Inc., 570 S.W.2d 378, 380 (Tex. 1978)
(holding that photocopy of note attached to affidavit of vice president, swearing that copy was true
and correct, was competent summary judgment evidence). Moreover, because Myers did not
make a verified denial of the guaranty, the guaranty was admissible as fully proved. Tex. R.
Civ. P. 93(7); Hanks v. NCNB Tex. Nat'l Bank, 815 S.W.2d 763, 765 (Tex. App.--Eastland 1991,
no writ). Texas Commerce's summary judgment proof is sufficient to support its right to recover
under the guaranty. See Keenan v. Gibralter Sav. Ass'n, 754 S.W.2d 392, 394 (Tex.
App.--Houston [14th Dist.] 1988, no writ).

 What appellants dispute in their point of error is whether a genuine fact issue exists
concerning the defense of fraud. Fraud is an affirmative defense to Texas Commerce's recovery
under the guaranty. Tex. R. Civ. P. 94.; Town N. Nat'l Bank v. Broaddus, 569 S.W.2d 489, 494
(Tex. 1978); United States Steel Corp. v. Fryer, 493 S.W.2d 487, 490 (Tex. 1973). If the party
opposing a summary judgment relies on an affirmative defense, he must come forward with
summary judgment evidence sufficient to raise an issue of fact on each element of the defense to
avoid summary judgment. Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984).

 While Myers and Living Gardens raised fraudulent inducement as an affirmative
defense, they did not expressly present this issue in their written response to the summary
judgment motion. Issues not expressly presented to the trial court by written motion, answer, or
other response shall not be considered on appeal as grounds for reversal. Tex. R. Civ. P.
166a(c); see City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979)
(holding that non-movant must expressly present to trial court any reasons seeking to avoid
movant's entitlement). 

 Appellants' written response states that the genuine issue of material fact precluding
summary judgment is "a dispute as to the date, time, and effect of the granting of a line of credit
on note, with notice of defenses to the note." The thrust of their argument is that Texas
Commerce cannot rely on the estoppel certificate because they claim Texas Commerce was
informed by telephone and letter of the defenses to the note before it extended its line of credit
on the loan to the Vaughans. Therefore, Texas Commerce is subject to the defenses to the note. 
Their written response, however, does not state that fraudulent inducement is a defense to the note
or personal guaranty, or that a fact issue exists as to this defense. We do not believe that
appellants' written response adequately presents the issue of fraudulent inducement to the note and
guaranty as a grounds for reversal of the summary judgment.

 However, even if appellants' written response did adequately raise this issue, the
evidence offered is insufficient to raise a fact issue. Appellants first argue that their verified
pleading alleging fraud is summary judgment evidence. We disagree. In a summary judgment
proceeding, a non-movant must support his affirmative defense with proof. Seale v. Nichols, 505
S.W.2d 251, 254 (Tex. 1974). Mere pleading of the defense is not sufficient to withstand a
properly evidenced summary judgment motion. Id.

 Appellants next rely on a letter attached to their response to the summary judgment
motion. The letter is addressed to Texas Commerce and allegedly signed by Myers. While it is
unverified and contains hearsay, Texas Commerce made no written objection to the letter's defect
in form or to its hearsay contents, thus waiving these defects. See Tex. R. Civ. P. 166a(f); Tex.
R. Civ. Evid. 802; Denison v. Haeber Roofing Co., 767 S.W.2d 862, 865 (Tex. App.--Corpus
Christi 1989, no writ); Priest v. Texas Animal Health Comm'n, 780 S.W.2d 874, 879-80 (Tex.
App.--Dallas 1989, no writ); Dolenz v. A.B., 742 S.W.2d 82, 83-84 n.2 (Tex. App.--Dallas 1987,
writ denied).

 The attached letter is dated October 7, 1986, after Myers and Living Gardens had
already signed the note, guaranty, and estoppel certificate. In the letter, Myers asks Texas
Commerce not to rely on the estoppel certificate:



I signed the Estoppel Certificate because Mr. Vaughan told me that he would use 
the note to obtain a line of credit from the bank, cancel the sale of the business to
me, and release me from the note. 


. . . .


It appears that Mr. Vaughan does not intend to release me and that he may have
made misrepresentations with respect to this entire matter. . . . I ask that the Bank
not rely on the Estoppel Certificate and the representations made in it since that
Certificate was signed by me only because Mr. Vaughan told me he would cancel
the note and work out something concerning the money I had already spent.



The substance of the letter suggests that Myers executed an inaccurate and misleading estoppel
certificate to the bank because Vaughan made misrepresentations to Myers that he would release
Myers from the note. The letter does not provide evidence of fraud with respect to the execution
of the underlying note and guaranty. Any misrepresentation concerning the estoppel certificate
could only have occurred after Myers had already bound himself by signing the guaranty and does
not explain his action in executing an untrue certificate to be relied upon by a third party lender.

 With respect to promissory notes, to prove fraud in the inducement sufficient to
allow an exception to the parol evidence rule, there must be a showing of some type of trickery,
artifice or device employed by the payee in addition to a misrepresentation that the maker would
not be held liable. Town North Nat'l Bank, 569 S.W.2d at 494 (affidavit in opposition of
summary judgment indicating only that Bank made representations to defendants that they would
not be liable on note was barred by parol evidence rule); Cocke v. Meridian Sav. Ass'n, 778
S.W.2d 516, 518-19 (Tex. App.--Corpus Christi 1989, no writ); Clark v. Dedina, 658 S.W.2d
293, 296 (Tex. App.--Houston [1st Dist.] 1983, writ dism'd); Lindeburg v. Gulfway Nat'l Bank,
624 S.W.2d 278, 281 (Tex. App.--Corpus Christi 1981, writ ref'd n.r.e.). This rule has been
applied to guaranty agreements as well. See Simpson v. MBank Dallas, 724 S.W.2d 102, 108
(Tex. App.--Dallas 1987, writ ref'd n.r.e.); Friday v. Grant Plaza Huntsville Assocs., 713 S.W.2d
755, 756 (Tex. App.--Houston [1st Dist.] 1986, no writ). The attached letter only refers to a
misrepresentation that Myers would no longer be liable if he signed the estoppel certificate and
does not show the type of trickery, artifice or device needed to overcome the parol evidence rule. 
We hold that the evidence is insufficient to avoid summary judgment by affirmative defense and
overrule this point of error.

 In conclusion, we overrule appellants' first and second points of error and affirm
the trial court's summary judgment.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: June 29, 1994

Do Not Publish

1.   The trial court severed the third-party action involving Myers, Living Gardens, and
Texas Commerce from the original cause of action on February 3, 1993, making the summary
judgment final.
2. The security agreement was obtained by Texas Commerce Bank-Barton Creek but Texas
Commerce Bank-Austin became its successor in interest after the two banks merged.
3. By arguing that fraud vitiates every transaction tainted by it, and by pleading in their
original answer that "the documents (the note and guaranty) should therefore be cancelled
because of the fraudulent manner in which they were obtained[,]" appellants appear to argue
that Myers was fraudulently induced into executing the guaranty agreement.