IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11402
Summary Calendar

_____


LAWFINDERS ASSOCIATES INC., a Texas Corporation; LAWFINDERS ASSOCIATES
INC., a New York Corporation; LAWFINDERS ASSOCIATES INC., a Delaware Corporation,

Plaintiffs-Appellants,

v.

LEGAL RESEARCH CENTER

Defendant-Appellee.

-----------------------

ANITA SCOTT; JONATHAN C. SCOTT; ROBERT J. SCOTT; LAWFINDERS ASSOCIATES
INC., a Texas Corporation; LAWFINDERS ASSOCIATES INC., a New York Corporation;
LAWFINDERS ASSOCIATES INC., a Delaware Corporation,

Plaintiffs-Appellants,

v.

LEGAL RESEARCH CENTER INC; CHRISTOPHER LJUNGKULL; JAMES SEIDL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
3:98-CV-1766-D
3:00-CV-520

_____

July 26, 2002

Before REYNALDO G. GARZA, SMITH, and PARKER, Circuit Judges

REYNALDO G. GARZA, Circuit Judge:[1]

Plaintiff-Appellant Lawfinders Associates Inc. ("Lawfinders") and Defendant-Appellee Legal Research Center, Inc. ("LRC") provide legal research and brief-writing services. In June of 1997, Lawfinders and LRC began discussing a potential merger. Though an agreement in principle was reached on December 21, 1997, the merger was never consummated with a signed document. Negotiations continued through February of 1998. Lawfinders sued LRC in Texas state court, alleging that the merger talks were merely a pretext under which LRC was able to obtain valuable confidential business information, notably Lawfinders's fixed guaranteed appellate brief program. LRC removed the case to federal court, where LRC eventually was granted summary judgment on most claims, the remaining claims being subsequently dismissed by mutual agreement.

A district court's order granting summary judgment is reviewed de novo. *See Fierros v. Texas Dept. Of Health*, 274 F.3d 187, 190 (5th Cir. 2001). Summary judgment is mandated if the pleadings and record evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

To establish breach of contract under Texas law, there must be (a) a valid contract between the parties, (b) performance or tendered performance by one party, (c) a breach, (d) and

---

[1]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

2

damages sustained on account of the breach. *See Wright v. Christian & Smith*, 950 S.W.2d 411, 412 (Tex. App.-Houston [1st Dist.] 1997). A binding contract is formed under Texas law when there is: (a) an offer, (2) an acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms of the offer, and (5) execution and delivery of the contract with the intent that it be mutual and binding. *See Copeland v. Alsobrook*, 3 S.W.3d 598, 604 (Tex. App.-San Antonio 1999). The existence of a contract is generally a factual issue. *See Foreca, S.A. v. GRD Development Co.,* 758 S,W,2d 744, 746 (Tex. 1988). Parties may agree on certain contractual terms and leave others open for negotiation. *See Scott v. Ingle Bros. Pac., Inc.*, 489 S.W.2d 554, 555 (Tex. 1972). Objective standards are used to determine whether there was a meeting of the minds. *See Copeland*, 3 S.W.2d at 604.

Lawfinders contends first that the district court erred in holding that no reasonable factfinder could find that the parties intended to be bound by the December 21 agreement. We agree that, given the extent of the negotiations between December 1997 and February 1998, the December agreement, as a matter of law, was no more than an agreement to agree. Despite the December agreement, the parties could not come to agree on such essential terms as employment agreements, option-pricing, third-party financing, and share allocation. Such an agreement is unenforceable under Texas law. *See Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 846 (Tex. 2000).

Lawfinders next contends that the District Court erred in granting summary judgment dismissing Lawfinder's claims under the February agreement. Like the December agreement, the February agreement constitutes no more than an agreement to agree. Plaintiff-Appellant Robert Scott admitted that there was no agreement between the parties as late as February 20th. Scott

even proposed a deadline for entering into a "definitive agreement," although that deadline passed with no final agreement. Scott testified that he signed the agreement, but this self-serving assertion is supported by no additional evidence and is therefore is not sufficient to defeat summary judgment. *In re Hinsley* 201 F.3d 638, 643 (5th Cir. 2000). As with the December agreement, it is clear that the parties continued to negotiate material aspects of the contract, including Defendant-Appelle Christopher Ljungkill's future, after February 4. As such, the district court correctly concluded that no reasonable trier of fact could have concluded that a valid contract existed.

LRC was granted summary judgment after the district court ruled Lawfinders had presented no evidence that LRC had misappropriated any information derived from the merger negotiations. Lawfinders asserts that LRC misappropriated Lawfinders's formula for calculating fees on briefs, but Lawfinders fails to put forth any evidence that such a misappropriation occurred. The Confidentiality Agreement protected "proprietary information," which excluded information in the public domain. Lawfinders's engagement letters were sent to each of its customers, with no restrictions on the use or disclosure of the engagement letters. If information is disclosed to others who have no obligation to protect its confidentiality, the information is deemed in the public domain. *See Ruckerlshhaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984). Nor has Lawfinders identified what aspects of the engagement letters' fee calculating formula are outside of the public domain in the first place.

Lawfinders bases its good faith and fair dealing claims on a memorandum circulated to LRC employees stating that "LRC's offer to Acquire Lawfinders has been accepted." R.E. Tab 8. The District Court correctly noted that, as this memo was for LRC employees and not Lawfinders

4

personnel, a reasonable trier of fact could find from this only that LRC intended to consummate the proposed merger. As this is the only evidence Lawfinders presents on this claim, summary judgment dismissal of Lawfinders's good faith and fair dealing claims was appropriate.

The elements required under Texas law to state a fraud claim are that (1) the defendant made a material representation, (2) it was false when made, (3) the defendant knew the representation was false, or made it recklessly without knowledge of its truth and as a positive assertion, (4) the defendant made the representation with the intent that the plaintiff should act on it, and (5) the plaintiff acted in reliance upon it and suffered injury as a result. *See Beijing Metals & Minerals Import/Export Corp. v. American Business Center, Inc.*, 993 F.2d 1178, 1185 (5th Cir. 1993)(citing Cocke v. Meridian Sav. Ass'n., 778 S.W.2d 516, 520 (Tex. App.-Corpus Christi 1993)).

**To state a claim of negligent representation, a party must demonstrate that (1) the representation was made by the defendant in the course of its business, or in a transaction in which it has a pecuniary interest, (2) the defendant supplied false information for the guidance of plaintiff in its business, (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information, and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. *See Federal Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).**

**Lawfinders asserts three alleged misrepresentations: (1) that LRC falsely promised to negotiate a merger in good faith, (2) that LRC falsely represented it had approved the merger, and (3) that LRC promised to keep secret certain confidential information provided by Lawfinders. As stated previously, there is no evidence that LRC failed to**

5

negotiate the merger in good faith, so the first component of Lawfinders's claim will support a finding of neither fraud nor negligent misrepresentation.

Under the second component, where Lawfinders alleges that LRC represented that it had approved the merger, Lawfinders must demonstrate reasonable reliance to support a fraud claim, *see Voskamp v. Arnoldy*, 749 S.W.2d 113, 119 (Tex. App.-Houston [1st Dist] 1987), and justifiable reliance to support a negligent misrepresentation action. *See Sloane*, 825 S.W.2d at 442. No executed merger agreement was ever delivered to Lawfinders, however, and the parties continued to renegotiate key terms through February 1998, during which time Lawfinders acknowledged the lack of an agreement. Lawfinders presents no additional evidence to show reliance on any assertion by LRC that it had approved the merger was reasonable.

Finally, Lawfinders contends that LRC promised to keep all information confidential, although Lawfinders's complaint refers only to "secret information." Am Compl. ¶ 91(c). What Lawfinders fails to do, then, is to proffer any evidence to refute LRC's contention that it kept all secret information confidential. As such, the district court correctly granted summary judgment on the fraud and negligent misrepresentation claims.

The district court granted LRC summary judgment respecting Lawfinders's promissory estoppel claims premised on the following alleged promises: (1) LRC promised the merger had been approved; (2) LRC promised Robert Scott that he would become LRC's new CEO; and (3) that LRC would relinquish control of the Board of Directors. Specifically, the district court found that "no reasonable factfinder could conclude that

6

Lawfinders justifiably relied on these promises while simultaneously renegotiating essential terms over a period of several weeks." *See Wheeler v. White*, 398 S.W.2d 93, 98 (Tex. 1965)(requiring reasonable reliance to succeed on a promissory estoppel claim). On appeal, Lawfinders fails to address how its conduct could be characterized as reasonable reliance.

Lawfinders alleges that Defendant-Appellees James Seidl and Christopher Ljungkull tortiously interfered with the December 1997 and February 1998 agreements. While Lawfinders can demonstrate that both Seidl and Ljungkull had a personal stake in the matter, Lawfinders has presented no evidence that they acted only in their own interest. When a corporate officer is alleged to have interfered with his own corporation's contract, the plaintiff must adduce evidence that the corporate officer acted only in his own interest. *See Powell Indus., Inc. v. Allen*, 985 S.W.2d 455, 457 (Tex. 1998). A corporate officer's mixed motives are insufficient to establish liability. *See ACS Investors, Inc. v. McLaughlin*, 943 S.W.2d 426, 432 (Tex. 1997). Lawfinders has produced no evidence tending to show a total disregard of LRC's interests by Seidl and Ljungkull.

AFFIRMED.