**Kathy WRIGHT, Appellant,**

v.

**CHRISTIAN & SMITH, Appellee.**

**No. 01–96–01354–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 3, 1997.

---

James D. Hurst, Huntsville, for Appellant.

Stephen Ray Smith, Houston, for Appellee.

Before SCHNEIDER, C.J., and NUCHIA and WILSON, JJ.

## OPINION

NUCHIA, Justice.

This is an appeal from the granting of summary judgment in favor of a law firm on its suit to collect fees for services. We reverse and remand.

## BACKGROUND

Kathy Wright sought out Christian & Smith to represent her in a probate dispute. It appears from the record that, at the initial meeting between Wright and James Christian, Christian indicated he would have to perform some preliminary research before agreeing to the representation. Several days after that initial meeting, Christian telephoned Wright and indicated he would represent her. When Christian requested a $25,-000 retainer, however, Wright opted to seek other representation.

Christian & Smith later billed Wright for professional services purportedly performed on her behalf. When Wright refused to pay, Christian & Smith brought suit alleging breach of contract and an action on a sworn account. Christian & Smith moved for summary judgment—urging both the action on a sworn account and the breach of contract claim. The trial court granted summary judgment without stating the specific grounds on which it based its decision.

## DISCUSSION

In two points of error, Wright now argues the trial court erred in entering summary judgment in favor of Christian & Smith. Wright first contends a material issue of fact existed regarding whether she had contracted for the legal services of Christian & Smith. Wright's second point of error is unaccompanied by any argument or authori-ties. As such, we overrule it, see TEX.R.APP. P. 74, and direct the balance of our discussion to those issues raised by Wright's first point of error.

Summary judgment is proper only when a movant establishes there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995); *Bangert v. Baylor College of Medicine*, 881 S.W.2d 564, 566 (Tex.App.—Houston [1st Dist.] 1994, writ denied). In reviewing the granting of a summary judgment, this Court will take all evidence favorable to the nonmovant as true—indulging every reasonable inference and resolving any doubts in her favor. *Johnson*, 891 S.W.2d at 644; *Bangert*, 881 S.W.2d at 565–66. When, as here, the trial court's order does not state the specific grounds on which it was granted, we will affirm the summary judgment if any of the theories advanced is meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993); *Jones v. Legal Copy, Inc.*, 846 S.W.2d 922, 924 (Tex.App.—Houston [1st Dist.] 1993, no writ).

■ Christian & Smith moved for summary judgment on both claims asserted in its original petition: breach of contract and sworn account. The elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach. *See Hussong v. Schwan's Sales Enters., Inc.*, 896 S.W.2d 320, 326 (Tex.App.—Houston [1st Dist.] 1995, no writ). The elements of Christian & Smith's sworn account claim are: (1) the performance of services by the plaintiff; (2) an agreed purchase price for those services, or, in the absence of an agreement, a price that is usual and customary; and (3) the purchase price remains unpaid by the defendant. *See Thorp v. Adair & Myers*, 809 S.W.2d 306, 307 (Tex.App.—Houston [14th Dist.] 1991, no writ).

■ According to the affidavit accompanying her response to Christian & Smith's motion for summary judgment, Wright left her initial meeting with Christian under the im-

pression that he had not yet decided whether he would take her case. Wright's affidavit states Christian indicated he wanted to do some preliminary investigation and research before deciding whether to accept the case. According to Wright's affidavit, Christian called several days after their initial meeting and agreed to represent her. It appears, however, that some, if not all, of the services for which Christian & Smith seek payment were performed during the days before Christian notified Wright that he would represent her.[1] Wright's affidavit, therefore, raises a fact issue regarding if—and, if so, when—the parties both understood that Christian had agreed to represent Wright. That fact issue goes to the heart of both of Christian & Smith's theories of recovery—an action on a sworn account and a claim for breach of contract. The threshold inquiry in a breach of contract action is whether an enforceable agreement exists between the parties. *See Hussong,* 896 S.W.2d at 326. Wright's affidavit raises a question of fact regarding the existence of that agreement.

As to Christian & Smith's sworn account action, we conclude that proof of an agreement to pay for services rendered is implicit in the requirement that Christian & Smith prove their performance of services. In short, there must be an agreement between the parties that such services be performed. Wright's affidavit created an issue of material fact as to the existence of that agreement. As such, the granting of summary judgment was improper.

We sustain Wright's first point of error.

We reverse the judgment of the trial court and remand this cause.

---

1. We note, however, the exact dates of these events are not entirely clear from the record. The initial meeting between Wright and Christian apparently occurred on November 7, 1995. "Several days later," Christian agreed to represent Wright after having performed his initial research. The invoice attached to Christian's affidavit indicates the services for which Christian & Smith sought payment were performed November 7–17, 1995.