99-00472 Scoti-Zahner v City of Fredericksburg.wpd



No. 04-99-00472-CV



SCOTI-ZAHNER, INC.
,


Appellant



v.



CITY OF FREDERICKSBURG, TEXAS,


Appellee



From the 216th Judicial District Court, Gillespie County, Texas


Trial Court No. 8412


Honorable Stephen B. Ables, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Phil Hardberger, Chief Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: March 15, 2000


AFFIRMED


 SCOTI-ZAHNER, INC., ("SCOTI") appeals from an adverse summary judgment in favor of
the City of Fredericksburg, Texas ("City"). Because we hold the City proved each element of its
breach of contract claim as a matter of law, we affirm the judgment of the trial court. 


Factual and Procedural Background


 During the mid-1990s, the City undertook a wastewater plant project in order to comply with
water treatment standards set by the Texas Natural Resource and Conservation Commission
("TNRCC"). The City retained Darryl Primeaux to design the plant. In accordance with TNRCC
regulations, Primeaux designed a plant which required an oxidation ditch. The success of the
oxidation ditch depended upon the use of aerators. Aerators supply oxygen to microorganisms which
treat the wastewater in the ditch. Insufficient oxygenation results in high levels of ammonia
concentration and thus, unsuccessful treatment. 

 Primeaux consulted SCOTI about the company's floating aerators. Using a product brochure
and technical report that SCOTI provided, Primeaux designed the plant to require ten aerators. Soon
thereafter, the City entered into a contract with SCOTI to supply the aerators for the oxidation ditch.
Part of the contract between the City and SCOTI involved a technical specification called
"Specification 550." Specification 550 set out that the aerators must provide 50 pounds of oxygen
per hour into the oxidation ditch at a speed of 100 revolutions per minute.

 Sometime after the installation, the City received notices from TNRCC informing the City of
excessive ammonia nitrate-concentration levels. TNRCC further fined the City for the violations.
The City contacted SCOTI via letters from Primeaux describing the problems. After no success with
SCOTI, the City purchased aerators from another company which met TNRCC requirements.

 The City brought suit against SCOTI for breach of contract. Specifically, the City argued
SCOTI's aerators failed to meet the oxygen-output specifications pursuant to the contract. The trial
court granted a general summary judgment in favor of the City on April 5, 1999, and awarded the
City contractual damages in the amount of $244,500, which represented the purchase price for the
ten SCOTI aerators plus the additional amount used for the replacement aerators. In two issues on
appeal, SCOTI argues the evidence was legally insufficient to support the judgment and the evidence
offered by the City was controverted by SCOTI to raise a genuine issue of material fact.

Standard of Review

 The movant for summary judgment has the burden of showing that there is no genuine issue
of material fact and that it is entitled to judgment as a matter of law. Nixon v. Mr. Property
Management, 690 S.W.2d 546, 548 (Tex. 1985). We review the grant of a general summary
judgment in the light most favorable to the non-movant, resolving any doubts in its favor. Id. The
movant must prove each element of a cause of action for summary judgment to be proper. City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).

Discussion

 To establish breach of contract, a plaintiff must prove the following elements: (1) existence
of a valid contract; (2) performance or tender of performance by the plaintiff; (3) breach of the
contract by the defendant; and (4) damage to the plaintiff as a result of the breach. Wright v.
Christian & Smith, 950 S.W.2d 411, 412 (Tex. App.-Houston [1st Dist.] 1997, no writ); McCulley
Fine Arts Gallery, Inc., v. "X" Partners, 860 S.W.2d 473, 477 (Tex. App.-El Paso 1993, no writ).

 The sales provisions of the Uniform Commercial Code guide our review of the contract
between the City and SCOTI for the ten aerators. See Tex. Bus. & Com. Code Ann. § 2.102
(Vernon 1994). Under the UCC, a buyer may reject or revoke acceptance of non-conforming goods.
Tex. Bus. & Com. Code Ann. § 2.601; § 2.608 (Vernon 1994). Otherwise known as the "perfect
tender" rule, a buyer may reject non-conforming goods in whole or in part. Tex. Bus. & Com. Code
Ann.§ 2.608 (Vernon 1994).

 In its first issue, SCOTI complains the summary judgment evidence was legally insufficient
to support the judgment. SCOTI argues the City's affidavits are conclusory and that material issues
of fact exist about whether the aerators supplied proper levels of oxygenation to the ditch. We
disagree with SCOTI's contentions.

 The City offered overwhelming summary judgment evidence in support of its claim. First, the
trial court considered the deposition testimony from the City's engineer, Primeaux, who stated that
he designed the oxygenation ditch based upon the information supplied to him by SCOTI.
Specifically, Primeaux relied upon literature from SCOTI which provided that the aerators were
capable of an output of 50 pounds of oxygen into the ditch.

 Second, the City tendered the evidence of an outside engineer, Patrick Lackey, who
ascertained the high ammonia concentration to be the result of insufficient oxygenation. While
SCOTI argues that Lackey is an interested witness who merely supplied conclusory self-serving
statements, we hold that the affidavit met the requirements for summary judgment evidence and more
importantly, SCOTI presented no evidence to controvert the substance of the affidavit. See Tex. R.
Civ. P. 166a(c); Wadewitz v. Montgomery, 951 S.W.2d 464, 466 (Tex. 1997). 

 Third, after the City conducted an independent investigation of the high ammonia levels, the
City sent letters from Primeaux to SCOTI's President, Lee Hall, which detailed the City's findings
that the aerators caused the high ammonia levels because they failed to transfer sufficient oxygen into
the ditch. Despite these efforts by the City to allow SCOTI to cure the problem, the record reveals
SCOTI took no initiative to respond to the City's complaints. See Tex. Bus. & Com. Code Ann.
§ 2.607 (Vernon 1994)(providing that the buyer reasonably notify the seller of non-conformity).
Rather, SCOTI provided the City with a report on the aerators which SCOTI conducted in 1992.
This report, known as the "Shell report," detailed that the maximum output of a SCOTI aerator was
only 35 pounds of oxygen per one hundred revolutions. Thus, by its own admission, SCOTI failed
to meet a material term of the contract. Accordingly, we overrule SCOTI's first issue.

 SCOTI argues alternatively in its second issue that it offered controverting evidence to avoid
the City's summary judgment. The record reveals otherwise. SCOTI's evidence and arguments on
appeal fail to contradict the non-conformance with the contractual provisions set out in Specification
550. SCOTI offered no controverting evidence to show that its aerators operated at the levels
specified in its brochures submitted to the City when it entered the contract. As previously
discussed, through the Shell report, SCOTI knew as early as five years prior to the contract with the
City, that the aerators were only capable of a maximum 35 pound output. 

 SCOTI attempts to create a factual issue about whether the aerator failure was the proximate
cause of the ammonia levels. As briefed at length by the City, proximate cause is irrelevant where
the City brings a straight UCC breach of contract for non-conforming goods. Under the UCC, the
buyer is entitled to revoke acceptance for non-conforming goods, as here. See Tex. Bus. & Com.
Code Ann. § 2.608 (Vernon 1994); Southwestern Bell Tel. Co. v. FDP Corp., 811 S.W.2d 572, 576
(Tex. 1991). SCOTI neither challenged the terms of Specification 550 as ambiguous, nor complained
about the amount of damages awarded to the City under the UCC. As a matter of law, we hold the
City established all elements of its breach of contract claim.

 We overrule SCOTI's second issue and affirm the judgment of the trial court. 


 Catherine Stone, Justice

DO NOT PUBLISH