No. 04-00-00685-CV



Byron DONZIS,


Appellant



v.



IMMUDYNE, INC., a Delaware Corporation,


Appellee



From the 285th Judicial District Court, Bexar County, Texas


Trial Court No. 1999-CI-02381


Honorable David A. Berchelmann, Jr., Judge Presiding



Opinion by: Phil Hardberger, Chief Justice


Sitting: Phil Hardberger, Chief Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: August 15, 2001


AFFIRMED

Background

 Mark McLaughlin ("McLaughlin") and Tom McCarvill ("McCarvill") brought a shareholder

derivative suit against Byron Donzis ("Donzis"), ImmuDyne, Inc. ("ImmuDyne"), and James Woods
("Woods"), resulting in a Rule 11 settlement agreement. The settlement agreement received judicial
approval and was circulated to the parties for their signatures. Donzis refused to sign the agreement
on the grounds that it did not accurately incorporate the terms of the Rule 11 agreement.
McLaughlin and McCarvill filed a motion for summary judgment. The motion was granted and the
trial court subsequently entered an order incorporating the terms of the settlement agreement. Donzis
appealed the summary judgment order, specifically claiming that portions of the Rule 11 agreement
were omitted. Donzis did not, however, contest that the agreement required that he use his best
efforts to make ImmuDyne a profitable venture. 

 During the pendency of Donzis's appeal, he acted in violation of both the Rule 11 agreement
and the summary judgment order through his involvement with Nutrition Supply Corporation
("NSC"), a competitor. Donzis was both directly and indirectly involved in the management,
operations, and development of NSC. In response, McLaughlin and McCarvill filed an emergency
motion, asking the court to hold Donzis in contempt for violating the summary judgment order.
Because the order was on appeal to this court, we requested that the trial court hold an evidentiary
hearing on the contempt allegations and make findings of fact upon the completion of the hearing.
The trial court's findings of fact showed that through specific acts and his conduct, Donzis had
directly competed with and harmed ImmuDyne. The findings of fact found that in addition to
Donzis's competitive business practices, Donzis had failed to use his best efforts to make ImmuDyne
profitable, and was instead acting in an effort to decrease ImmuDyne's profitability. 

 This court reversed the summary judgment order, remanding the case to the trial court. We
remanded the cause not because the Rule 11 agreement was ambiguous, but because the trial judge
added terms not originally included in the agreement. The opinion made clear that the best efforts
provision would not be affected by Donzis's appeal, and he would still be required to comply with
its terms. 

 After revising its judgment to incorporate the Rule 11 agreement language verbatim,
ImmuDyne sued Donzis for breach of contract for failing to comply with the agreement, and moved
for a summary judgment. Using evidence primarily established during the earlier contempt hearing,
ImmuDyne was granted summary judgment. Donzis appeals.

Issues Presented

 Donzis appeals based on ImmuDyne's reliance on the findings of fact stemming from the
contempt hearing. Donzis maintains that using the findings of fact as evidence to support
ImmuDyne's motion for summary judgment is not permissible under the doctrine of collateral
estoppel. He alleges that ImmuDyne failed to establish the requisite elements for the breach of
contract claim. Donzis further claims that because the evidence presented was not newly adduced,
but was evidence gleaned instead from the contempt hearing's findings of fact, ImmuDyne failed to
establish their damages. The trial court's order granting summary judgment in favor of ImmuDyne
was an inconclusive judgment, Donzis argues, and should be reversed.

Standard of Review

 When reviewing a trial court's grant of summary judgment, we must consider the following:
(1) the movant bears the burden of demonstrating that there is no genuine issue of material fact,
therefore, it is entitled to summary judgment as a matter of law; (2) evidence favorable to the non-movant will be taken as true; and (3) all reasonable inferences must be indulged in favor of the non-movant, with any doubts resolved in its favor. Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 222
(Tex. 1999); Nixon v. Mr. Property Management, 690 S.W.2d 546, 548-49 (Tex. 1985).



Collateral Estoppel

 In order to invoke the doctrine of collateral estoppel, ImmuDyne must establish that: (1) the
facts sought to be litigated were fully and fairly litigated in the prior action; (2) those facts were
essential to the judgment; and (3) the parties were cast as adversaries in the prior action. Eagle
Properties, Ltd. v. Scharbauer, 807 S.W.2d 714, 721 (Tex. 1990); Bonniwell v. Beech Aircraft
Corp., 663 S.W.2d 816, 818 (Tex. 1984). An issue that has been actually litigated is conclusively
established for the purpose of any subsequent actions between the original parties, or persons in
privity with them, even if future suits are not based on the original cause of action. Van Dyke v.
Boswell, O'Toole, Davis & Pickering, 667 S.W.2d 381, 384 (Tex. 1985). Generally, a judgment in
an action by or against a corporation is res judicata in a subsequent suit by or against a stockholder.
Western Inn Corp. v. Heyl, 452 S.W.2d 752, 760 (Tex. Civ. App.-Fort Worth 1970, writ ref. n.r.e.);
see Paine v. Sealey, 956 S.W.2d 803, 807 (Tex. App.-Houston [1st Dist.] 1997, no pet.).
Shareholders of a corporation are in privity with the corporation as to all corporate matters and are
bound by a decree against the corporation, and vice versa. Id; see Paine v. Sealey, 956 S.W.2d 803,
807 (Tex. App.-Houston [1st Dist.] 1997, no pet.). 

 The first requirement of full and fair litigation is established through the examination of the
evidence presented at the contempt hearing. Each party was represented by counsel, and all parties
had adequate notice and participated fully in the proceedings. The subsequent findings of fact detail
Donzis's violation of the Rule 11 agreement and the initial summary judgment. These facts provide
the foundation for the judgment. While the original suit was brought by ImmuDyne's shareholders
against Donzis, ImmuDyne is considered a party by virtue of privity to the original proceedings.
Donzis and ImmuDyne were adversaries in the first proceeding. We hold all three collateral estoppel
requirements were met.

 Because the issue of finality is an important one under the doctrine of collateral estoppel, we
must determine whether the trial court's determination that Donzis violated the Rule 11 agreement
is procedurally definitive. Van Dyke, 667 S.W.2d at 385. The test for procedural definiteness
requires that: (1) the parties be fully heard; (2) the trial court' decision be based upon a reasoned
opinion; and (3) the trial court's decision was reviewed on appeal. Id. In this case, the trial court
held an evidentiary hearing which conclusively established that Donzis had engaged in wrongful
conduct and violated the Rule 11 agreement. Evidence was introduced and arguments were
presented at the hearing. The parties were each allowed a full and fair opportunity to litigate the issue
of Donzis's alleged violations. The trial court then issued a decision, supported by its findings of fact.
Those same findings of fact were subject to review by this court. Donzis did not object to the trial
court's findings. We find that the trial court's findings of fact comply with the finality requirements
of collateral estoppel. 

Breach of Contract

 The elements required to prevail on a breach of contract claim are: (1) the existence of a

valid contract; (2) the plaintiff performed under the contract; (3) the defendant breached the contract;
and (4) the plaintiff was damaged as a result of the defendant's breach. Southwell v. Univ. of
Incarnate Word, 974 S.W.2d 351, 354-55 (Tex. App.-San Antonio 1998, pet. denied); Wright v.
Christian & Smith, 950 S.W.2d 411, 412 (Tex. App.-Houston [1st Dist.] 1997, no pet.). 

 As this court stated in its earlier decision, the Rule 11 agreement is a valid and unambiguous
contract. In re T.M., 33 S.W.3d 341, 347 (Tex. App.-Amarillo 2000, no pet.). All conditions
precedent to the Rule 11 agreement have been met, and ImmuDyne has performed under the
agreement. The trial court's findings of fact consist of several violations Donzis had committed,
along with a finding that ImmuDyne was forced to spend $600,000 on legal fees as a result of
Donzis's willful violation of the do not compete clause. These findings of fact establish Donzis's
contractual breach and ImmuDyne's consequent damages. 

 Donzis does not contest the validity of the findings of fact. He cannot, therefore, assert that
ImmuDyne failed to establish the requirements for summary judgment when it used those findings as
evidence in support of its motion. We find that because Donzis is collaterally estopped from
relitigating the trial court's findings of fact, ImmuDyne met the requirements for a summary judgment
and successfully proved the existence of its damages. 

 Donzis's first and second points of error are overruled.

Conclusion

 The trial court's judgment is affirmed.


 Phil Hardberger, Chief Justice

DO NOT PUBLISH