IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

—————————————

No. 02-20055

Summary Calendar

—————————————

P & O PORTS TEXAS INC

                          Plaintiff-Appellee

v.

A/S IVARAN REDERI; IVARANS REDERI ASA; IVARAN LINES AS

                          Defendants-Appellants

—————————————————————————————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
No. H-99-CV-234

—————————————————————————————————————————————————

October 21, 2002

Before KING, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Defendants-Appellants A/S Ivaran Rederi, n/k/a Ivarans

Rederi ASA and Ivaran Lines AS appeal the district court's grant

of summary judgment in favor of Plaintiff-Appellee P&O Ports,

Texas, Inc. on its breach of contract claim and the district

court's denial of Rederi's and Ivaran Lines's motion to amend

that judgment.  For the following reasons, we REVERSE and REMAND.

———————————————————

    [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

## I.   FACTUAL AND PROCEDURAL HISTORY

A/S Ivaran Rederi, n/k/a Ivarans Rederi ASA ("Rederi")[1] is a Norwegian shipping company.  On May 1, 1997, the Rederi Board of Directors formed a separate entity, Ivaran Lines AS ("Ivaran Lines"), to oversee "all liner activities."  From 1996 to 1998, P&O Ports, Texas, Inc. ("P&O Ports"), p/k/a Fairway Terminal Corporation ("Fairway"), provided stevedoring services to Rederi and Ivaran Lines.  P&O Ports submitted several written demands for payment to Rederi and Ivaran Lines for these services.  According to P&O Ports, the total amount owed was $421,702.29, plus interest.[2]  No payments were made, so P&O Ports filed suit against Rederi for breach of contract.

P&O Ports's original complaint named Rederi as the only defendant.  P&O Ports then moved for summary judgment against Rederi.  Rederi responded with a defense of mistaken identity, insisting that only Ivaran Lines owed the debt.  The district court denied the summary judgment motion pending against Rederi and allowed P&O Ports to amend its complaint to add Ivaran Lines as a defendant.

P&O Ports filed an amended motion for summary judgment, in

---

[1]   The parties agree that A/S Ivaran Rederi and Ivarans Rederi ASA are the same entity.

[2]   Rederi and Ivaran Lines have made payments to P&O Ports on this debt since the filing of this lawsuit, so the parties now agree that the total amount outstanding is $186,236.30, plus interest.

which it requested judgment against Ivaran Lines and incorporated by reference its earlier motion for summary judgment against Rederi.  The district court granted this motion and entered judgment against Rederi and Ivaran Lines for the full amount due. The district court found that P&O Ports established its prima facie case for breach of contract and that Rederi and Ivaran Lines did not demonstrate a genuine issue of material fact for trial.

Rederi and Ivaran Lines then filed a Rule 59(e) motion requesting that the district court alter or amend its judgment, arguing that only Ivaran Lines is liable for the debt.  The district court determined that the motion was not filed within ten days of the judgment and thus treated it as a Rule 60(b) motion for relief from the judgment.  The district court denied the motion, finding that P&O Ports properly moved for summary judgment against both Rederi and Ivaran Lines and that P&O Ports provided sufficient summary judgment evidence to show both parties were liable for the debt.

Rederi and Ivaran Lines now appeal.  They argue that: (1) the district court erred in granting summary judgment in favor of P&O Ports against Rederi because Rederi was not properly named in the amended summary judgment motion and because there was a genuine issue of material fact as to Rederi's contractual liability, and (2) the district court erred in treating the Rule

59(e) motion as a Rule 60(b) motion and in denying that motion.

## II.  STANDARD OF REVIEW

This court reviews a grant of summary judgment de novo, applying the same standards as the district court. Daniels v. City of Arlington, 246 F.3d 500, 502 (5th Cir.), cert. denied, 122 S. Ct. 347 (2001). Summary judgment should be granted if there is no genuine issue of material fact for trial and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

A genuine issue of material fact exists when there is evidence sufficient for a rational trier of fact to find for the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In determining if there is a genuine issue of material fact, the court reviews the evidence in the light most favorable to the non-moving party. Daniels, 246 F.3d at 502.

Dispositions of Rule 59(e) and Rule 60(b) motions are reviewed for an abuse of discretion. E.g., Provident Life & Accident Ins. Co. v. Goel, 274 F.3d 984, 997 (5th Cir. 2001) (Rule 60(b)); King v. Ames, 179 F.3d 370, 373 (5th Cir. 1999) (Rule 59(e)). Under the abuse of discretion standard, a district court's determination need only be reasonable. E.g., Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 353 (5th Cir. 1993).

## III.  DISCUSSION

Rederi and Ivaran Lines first contend that the district court erred in granting summary judgment against Rederi. They argue that: (1) Rederi was not properly included in the motion for summary judgment, and (2) P&O Ports did not provide sufficient summary judgment evidence to show that Rederi was liable for the debt.

First, the district court properly determined that P&O Ports moved for summary judgment against both Rederi and Ivaran Lines. P&O Ports's initial motion for summary judgment sought judgment against "A/S Ivaran Rederi," and Rederi responded to the motion by contending that Ivaran Lines was liable for the debt due. P&O Ports's amended motion for summary judgment sought judgment against "Ivaran Line[s] AS" and also "incorporate[d] its [previous] Motion fully by reference herein, including all supporting exhibits and arguments." The district court determined that the amended motion sought summary judgment against both Rederi and Ivaran Lines. A party may incorporate a previous motion by reference. Cf. FED. R. CIV. P. 10(c) ("Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion."). Rederi clearly had notice that P&O Ports sought judgment against it.[3]

---

[3] Rederi also claims that P&O Ports only sought judgment against Ivaran Lines because P&O Ports's proposed order (attached to its amended motion for summary judgment) stated: "The Court

Rederi and Ivaran Lines also contend that the district court erred in granting summary judgment against Rederi since the district court denied the original summary judgment motion. However, since "a denial of a motion for summary judgment is an interlocutory order, the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990); see also FED. R. CIV. P. 54(b) ("[A]ny order . . . which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action . . . and the order . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."). The fact that the district court denied the original motion, then, did not preclude it from granting summary judgment against both Rederi and Ivaran Lines.

Second, the district court did err in granting summary judgment against Rederi based on the evidence presented.[4]  Since

finds and concludes that Defendant IVARAN LINE[S] AS is liable to Plaintiff . . ."  P&O Ports included similar language referencing Rederi in the proposed order attached to its original motion. Since P&O Ports incorporated its previous motion seeking summary judgment against Rederi, the district court could properly grant summary judgment against both Rederi and Ivaran Lines.

[4]    Although Rederi and Ivaran Lines appeal the judgment, their arguments on appeal focus exclusively on the judgment

Rederi and Ivaran Lines argue only that summary judgment against Rederi was improper, we do not evaluate the evidence against Ivaran Lines.

To make out its prima facie case for breach of contract under Texas law, P&O Ports must show: (1) the existence of a valid contract, (2) performance by P&O Ports, (3) breach of contract by Rederi, and (4) damages to P&O Ports resulting from the breach. E.g., Soc'y of Lloyd's v. Turner, No. 01-10463, 2002 U.S. App. LEXIS 16634, at *19 (5th Cir. July 26, 2002); Wright v. Christian & Smith, 950 S.W.2d 411, 412 (Tex. App.—Houston [1st Dist.] 1997, no writ). P&O Ports has failed to meet its summary judgment burden of showing there is no genuine issue of material fact with respect to Rederi on each of these elements.

P&O Ports provided an affidavit of Laura Crumley, Vice-President of Finance for Fairway, n/k/a P&O Ports. Crumley stated that she was responsible for maintaining Fairway's outstanding invoices; Fairway provided materials and services for Rederi; Rederi owed Fairway $421,702.29; and Rederi had not paid Fairway the amount due. Attached to Crumley's affidavit was a past-due invoice spreadsheet listing work performed by P&O Ports from July 18, 1996 to March 31, 1998. The spreadsheet was titled "Ivaran Lines - Invoices Prior to May 21, 1998." This evidence

---

against Rederi. Our decision to reverse that judgment does not affect the judgment against Ivaran Lines, which remains intact.

is ambiguous with respect to whether P&O Ports had a contract with Rederi or Ivaran Lines.  Rederi states that even if it is liable to P&O Ports, it should not be held liable for the full amount of the debt due because the past-due invoices spreadsheet shows that it paid all but two debts incurred prior to formation of Ivaran Lines.  This evidence persuades us that fact issues exist as to Rederi's contractual liability.

Additionally, the evidence provided by Rederi reinforces the ambiguity as to whether the amounts due are owed by Rederi or Ivaran Lines.[5]  Initially, Rederi points to a press release showing the creation of Ivaran Lines.  The press release, dated June 11, 1997, states that "[T]he Board of Directors of Ivarans Rederi ASA [Rederi] resolved to organize all liner activities on the company in an own separate entity, IVARAN LINES AS," effective May 1, 1997.  The press release states that Ivaran Lines would have the same Chairman of the Board and same mailing address as Rederi.  The press release also notes that "[t]he new company name will be used in all aspects of the company activities such as . . . legal matters which concern[] the operation of Ivaran Lines AS (agency agreements, stevedoring agreements, port operations, conference matters, claims,

---

[5]     Rederi did not submit a response to P&O Ports's amended motion for summary judgment.  Hence, Rederi relies upon the evidence it presented in response to P&O Ports's original motion for summary judgment and its answer to P&O Ports's complaint.

insurance[,] etc.)."

Next, Rederi provides two letters from Frank Fogarty, President of Fairway, to Eirik Holter-Sorensen, of Rederi and Ivaran Lines, requesting payment for services rendered. According to the press release, Holter-Sorensen was the Chairman of the Board of Directors of both Rederi and Ivaran Lines; one of the letters also refers to him as the General Counsel for Ivaran Lines. One letter is addressed to Holter-Sorensen at "Ivaran Lines AS" and the other is addressed to him at "Ivaran Lines A/S Iv[a]rans Rederi." Both letters were sent to the same address. In his December 3, 1997 letter, Fogarty notes the "long outstanding invoices due from Ivaran" and states that "our contract to provide services was with Ivaran Line[s] and we look to you for payment in full." In the December 17, 1998 letter, Fogarty states: "[W]e maintain that Ivaran Lines A/S is legally responsible for the amount owed us of approximately $412,000."

Finally, Rederi relies on the declaration of Holter-Sorensen. Holter-Sorensen introduces himself as the "General Manager of AS Ivaran Rederi" and then states that "AS Ivaran Rederi did not incur the debt . . . but rather the debt upon which Fairway is suing was incurred by Ivaran Lines AS, at the time an entity separate and apart from AS Ivaran Rederi."

The district court granted summary judgment against both Rederi and Ivaran Lines for the entire amount due. In so doing,

the district court determined that the "evidence in the record indicates no dispute with regard to the existence of a valid contract performed by Fairway, nonpayment by Rederi and Ivaran Lines and damages suffered." The district court assumed that the invoice spreadsheet showed a contract with both Rederi and Ivaran Lines and did not assess whether the letters and press release offered by Rederi and Ivaran Lines created a genuine issue of material fact.

The invoice spreadsheet, press release, and letters show a genuine dispute as to Rederi's liability to P&O Ports.[6] From this evidence, it is unclear whether P&O Ports was looking to Rederi or Ivaran Lines for payment. It is also unclear whether P&O Ports agreed to release Rederi from the obligation Rederi originally incurred. The press release shows the incorporation of Ivaran Lines but does not address the continuing obligations of Rederi. The letters from Fogarty to Holter-Sorensen do not

---

[6] We do not consider Holter-Sorensen's declaration that Rederi is not liable to P&O Ports because conclusory statements are insufficient to demonstrate a genuine issue of material fact. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996).
Rederi contends that P&O Ports cannot attack Holter-Sorensen's declaration on the basis of lack of personal knowledge on appeal because P&O Ports did not do so in the district court. We do not discount Holter-Sorensen's declaration because Holter-Sorensen lacks personal knowledge. Rather, we find the declaration unhelpful because it does not provide any specific facts supporting Holter-Sorensen's assertion that only Ivaran Lines is responsible for the debt.

indicate whether Rederi or Ivaran Lines is liable for the debt.[7]
We are certainly sympathetic to the district judge's perception
that the contract was with both Rederi and Ivaran Lines, for the
evidence in this case is particularly confusing.  However, since
there appears to be a fact question on this record, we must
reverse the district court's grant of summary judgment against
Rederi.[8]

Because we determine that summary judgment was improper, we
do not address the issue of whether the district court erred in
its assessment of Rederi's and Ivaran Lines's motion to amend the
judgment.

### IV.   CONCLUSION

For the foregoing reasons, the district court's grant of
summary judgment in favor of P&O Ports and against Rederi is
REVERSED and the case is REMANDED.

---

[7]     Rederi claims that since the letters refer only to
Ivaran Lines, P&O Ports was only looking to that entity for
payment.  The letters, however, refer to "Ivaran Lines AS,"
"Ivaran Lines A/S Iv[a]rans Rederi," "Ivaran Lines A/S,"
"Ivaran," and "Ivaran Line."  The letters clearly evidence some
confusion as to the distinction between the two entities, but
they do not conclusively show that P&O Ports was looking only to
Ivaran Lines.

[8]     In its list of trial exhibits, P&O Ports proposed to
submit invoices it sent to Rederi and Ivaran Lines.  Perhaps
these invoices will clarify the identities of the parties to the
contract in this case.