In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00149-CR
______________________________


DEMETRICE THINE COLEMAN, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 194th Judicial District Court
Dallas County, Texas
Trial Court No. F02-73243-JM


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Demetrice Thine Coleman was convicted in a single jury trial on two charges of aggravated
assault. The jury assessed his punishment at five years' confinement. The causes have been appealed
separately and have been briefed together. 
Â Â Â Â Â Â Â Â Â Â Â Â Since the briefs and arguments raised therein are identical in both appeals, for the reasons
stated in Coleman v. State, cause number 06-03-00148-CR, we likewise resolve the issues in this
appeal in favor of the State.
Â Â Â Â Â Â Â Â Â Â Â Â We affirm the judgment of the trial court.
Â 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â December 10, 2003
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â January 7, 2004

Do Not Publish









it commissary for inmates. When
Horton purchased the word processor in 1994, the rules allowed him to have repairs made
to the word processor by sending it to the commissary headquarters. In 1998, Horton was
transferred to the Telford Unit and was allowed to keep his word processor. In January
2000, the word processor broke. When Horton sought to have it fixed, he was told the
rules had changed: repairs through the TDCJ were no longer authorized. Horton was told
he would have to mail the word processor to relatives or it would be destroyed.

 A special master filed a report stating that governmental agencies are not subject
to the provisions of the DTPA and recommending that all allegations relating to the DTPA
be dismissed. He also recommended dismissing the allegation of breach of contract
because rules and regulations are not contracts, they are unilateral; there is no offer and
acceptance, and no meeting of the minds. The trial court adopted the master's
recommendations and findings, and dismissed the lawsuit as frivolous and without
likelihood of success. 

 Horton appeals the dismissal, contending the trial court erred in dismissing his suit
against Cooper, the warden, Doe, the regional director, and Johnson, the director of the
TDCJ. Horton contends the trial court erred in dismissing the case against Cooper, Doe,
and Johnson because he sued them individually, and the master's report only states that
the TDCJ is immune from suit under the DTPA.

 To have no arguable basis in law, a claim must be based on "an indisputably
meritless legal theory," Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104
L.Ed.2d 338 (1989), or the facts alleged must rise to the level of the irrational or wholly
incredible, Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). 
"An in forma pauperis complaint may not be dismissed, however, simply because the court
finds the plaintiff's allegations unlikely." Denton, 504 U.S. at 33. Therefore, for the claim
to have no basis in law, the facts as pleaded must not comprise a cause of action. 

 The elements of a DTPA claim are (1) the plaintiff is a consumer, a person who
seeks or acquires goods or services by purchase or lease, (2) the defendant engaged in
false, misleading, or deceptive acts, and (3) the act constituted a producing cause of the
consumer's damages. Tex. Bus. & Com. Code Ann. Ç§ 17.45(4), 17.50(a) (Vernon Supp.
2002); Larsen v. Carlene Langford & Assocs., 41 S.W.3d 245, 250 (Tex. App.-Waco 2001,
pet. denied). While there is no requirement of privity, the defendant's wrongful conduct
must be committed in connection with the consumer's transaction, must constitute a
producing cause of economic damages or damages for mental anguish, and must fall
under Section 17.50 of the DTPA. See Tex. Bus. & Com. Code Ann. § 17.50 (Vernon
Supp. 2002). Where a plaintiff relies on Section 17.50(a)(1), the plaintiff must also prove
the consumer relied on the defendant's wrongful conduct to the consumer's detriment. Id. 
Horton's claim of misrepresentation must allege Cooper, Doe, and Johnson represented
that an agreement confers or involves rights, remedies, or obligations which it does not
have or involve, or which are prohibited by law. Tex. Bus. & Com. Code Ann.
Â§Â 17.46(b)(12) (Vernon Supp. 2002). General or indefinite statements may support
recovery under the DTPA. See Humble Nat'l Bank v. DCV, Inc., 933 S.W.2d 224, 230
(Tex. App.-Houston [14th Dist.] 1996, writ denied). 

 Horton's petition wholly fails to assert any allegations against Doe or Johnson. He
does not state what actions or misrepresentations they made. Although Doe and Johnson
are listed in the style of the case and as parties, there is no further mention of them beyond
this point. There is no indication as to what their conduct or involvement in Horton's
attempt to repair his word processor may have been. Because Horton failed to allege the
necessary elements to state a claim against Doe and Johnson under the DTPA, the trial
court did not err in dismissing his claim as to Doe and Johnson, regardless of the capacity
in which they were sued.

 Horton's petition does allege actions by Cooper. He specifically states, 

 Warden Rodney Cooper, an agent of the TDCJ-ID had denied Plaintiff's Step
1 Grievance where Plaintiff requested that he be allowed to have his word
processor repaired. This was denied. Plaintiff also had submitted several
personal requests to Warden Cooper to have the word processor repaired,
but received no response.

 

In his petition, Horton also said he "has seen this posted rule which states that word
processors would no longer be allowed to be fixed." Horton does not contend Cooper was
involved in any way in the transaction whereby he acquired the word processor. He
purchased the word processor in 1994 while at a different facility. Horton failed to allege
Cooper made any "[f]alse, misleading, or deceptive acts or practices in the conduct of any
trade or commerce . . . ." Tex. Bus. & Com. Code Ann. Â§ 17.46(a) (Vernon Supp. 2002). 


 There is no indication in Horton's pleadings that Cooper engaged in false,
misleading, or deceptive acts. See Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d
472, 478 (Tex. 1995). Those pleadings reveal that Horton was aware of the rule change
prohibiting the repair of word processors. Because Horton failed to allege the necessary
elements to state a claim against Cooper under the DTPA, the trial court did not err in
dismissing Horton's claim against him.

 Horton's second point of error contends the trial court erred in dismissing his claim
of breach of contract against Cooper, Doe, and Johnson. The elements of a breach of
contract claim are: 1) existence of a valid contract; 2) performance or tendered
performance by the plaintiff; 3) breach of the contract by the defendant; and 4) damages
to the plaintiff resulting from the breach. Wright v. Christian & Smith, 950 S.W.2d 411, 412
(Tex. App.-Houston [1st Dist.] 1997, no writ). 

 Horton failed to allege the existence of a contract between him and Cooper, Doe,
or Johnson. Without the existence of a contract, a breach of contract action cannot be
maintained. Because Horton failed to allege the necessary elements to state a claim for
breach of contract, the trial court did not err in dismissing this claim.


 We affirm the judgment of the trial court. 



 Donald R. Ross

 Justice


Date Submitted: March 26, 2002

Date Decided: June 12, 2002


Do Not Publish