

## NUMBER 13-12-00627-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

SANTA ROSA INDEPENDENT
SCHOOL DISTRICT,                                                    Appellant,

v.

RIGNEY CONTSTRUCTION
& DEVELOPMENT, LLC.,                                               Appellee.

---

### On appeal from the 404th District Court
### of Cameron County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

By three issues, appellant, Santa Rosa Independent School District ("Santa Rosa"), appeals the trial court's order denying its plea to the jurisdiction in this suit brought by appellee, Rigney Construction and Development, LLC ("Rigney"). We affirm.

# I. BACKGROUND

In August 2009, Santa Rosa and Rigney entered into a written contract for the construction of a new cafetorium and replacement of the roof of Santa Rosa's administration building. While construction was underway, Rigney's subcontractors made several large openings in the administration building. During that time, one or more rainstorms occurred. As a result, the building suffered substantial water intrusion, which caused significant damage to the building.

The contract between Santa Rosa and Rigney provided that under certain specified circumstances, the architect for the project could authorize Santa Rosa to withhold payment of amounts due and owing to Rigney under the contract. According to Santa Rosa, the architect expressly authorized Santa Rosa to withhold amounts necessary to repair the water damage to the administration building. Santa Rosa further contends that the architect gave Santa Rosa written authorization to withhold payment from Rigney "until proper resolution is made with regard to completion of the work, repairs of damage to the existing building and compliance with contract closeout." Santa Rosa withheld payment. Thereafter, Rigney commenced the instant suit for breach of contract.

Santa Rosa filed a plea to the jurisdiction with supporting evidence, purporting to establish that there was no breach of contract by Santa Rosa. The trial court denied Santa Rosa's plea to the jurisdiction. This interlocutory appeal ensued. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2011).

## II. STANDARD OF REVIEW

A plea to the jurisdiction challenges the trial court's subject matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000), *overruled on other grounds*, *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004). We review the record de novo to determine whether the trial court has subject matter jurisdiction. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). "We consider only the evidence pertinent to the jurisdictional inquiry and do not weigh the merits." *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). Also, we construe the pleadings in favor of the plaintiff, accepting all its allegations as true. *Bland Indep. Sch. Dist.*, 34 S.W.3d at 555. To prevail, the defense must show that, even accepting all of the plaintiff's allegations as true, an incurable jurisdictional defect remains on the face of the pleadings that deprives the trial court of subject matter jurisdiction. *Brenham Hous. Auth. v. Davies*, 158 S.W.3d 53, 56 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

## III. APPLICABLE LAW

"When performing governmental functions, political subdivisions derive governmental immunity from the state's sovereign immunity." *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011).[1] "Under the common-law doctrine of sovereign immunity, the sovereign cannot be sued without its consent." *Id.* "Although this rule was originally justified by the fiction that the king can do no wrong, in modern times its purpose is pragmatic: to shield the public from the costs and consequences of improvident actions of their governments." *Id.* (quotations omitted).

---

[1] "Governmental immunity is distinct from sovereign immunity, and refers to the protection afforded to political subdivisions such as counties, cities, school districts, and others." *City of Houston v. Williams*, 353 S.W.3d 128, 134 n.5 (Tex. 2011).

3

"Sovereign immunity has two components:  immunity from suit, and immunity from liability."  *Id.*  "First, the state retains immunity from suit unless it has been expressly waived by the Legislature."  *Id.*  "Like sovereign immunity, governmental immunity can be waived, but we defer to the Legislature to do so by statute."  *Id.*  "The Legislature has mandated that a statute shall not be construed as waiving immunity absent clear and unambiguous language."  *Id.* (quotation omitted).  "Second, immunity from liability shields the state from money judgments even when the Legislature has given consent to sue."  *Id.*  "Nevertheless, immunity from liability is waived when the state contracts with a private party."  *Id.*  "Because immunity from liability constitutes an affirmative defense, not a jurisdictional bar, only immunity from suit is properly before us today."  *Id.*

Section 271.152 of the Texas Local Government Code waives qualifying local governmental entities' immunity from suit for certain breach of contract claims as follows:

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

TEX. LOC. GOV'T CODE ANN. § 271.152 (West 2005).  "According to its plain terms, the statute by clear and unambiguous language waives a governmental entity's immunity from suit for breach of written contract."  *Williams*, 353 S.W.3d at 134.

The Texas Supreme Court has explained as follows:

> For section 271.152's waiver of immunity to apply, three elements must be established:  (1) the party against whom the waiver is asserted must be a "local governmental entity" as defined by section 271.151(3), (2) the entity must be authorized by statute or the Constitution to enter into contracts,

4

and (3) the entity must in fact have entered into a contract that is "subject to this subchapter," as defined by section 271.151(2). TEX. LOC. GOV'T CODE §§ 271.151–.152. A "contract subject to this subchapter" is defined as "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity." *Id.* § 271.151(2).

*Williams*, 353 S.W.3d at 134–35. The Texas Supreme Court has further explained as follows:

Section 271.151(2) effectively states five elements a contract must meet in order for it to be a contract subject to section 271.152's waiver of immunity: (1) the contract must be in writing, (2) state the essential terms of the agreement, (3) provide for goods or services, (4) to the local governmental entity, and (5) be executed on behalf of the local governmental entity.

*Id.* at 135.

## IV. JURISDICTIONAL ELEMENTS

In its first issue, Santa Rosa argues that the elements of a breach of contract claim are jurisdictional facts that may be challenged with evidence in a plea to the jurisdiction. *See Wright v. Christian & Smith*, 950 S.W.2d 411, 412 (Tex. App.—Houston [1st Dist.] 1997, no writ) ("The elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach."). According to Santa Rosa, its plea to the jurisdiction presented evidence that negated one or more elements of Rigney's breach of contract claim, and Rigney was therefore required to submit evidence in response to raise a fact issue as to the challenged elements. Santa Rosa contends that because Rigney failed to present evidence in response to its plea to the jurisdiction, the trial court erred in denying the plea. We disagree.

5

First, Santa Rosa relies primarily on decisions that did not involve waiver of immunity from suit under section 271.152 of the Texas Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 271.152. For instance, Santa Rosa cites *Mission Consolidated Independent School District v. Garcia*, 372 S.W.3d 629 (Tex. 2012); however, that decision involved "a fundamental question of discrimination law." *Id.* at 632. The jurisdictional issue in that case involved waiver of immunity from suit under section 21.254 of the Texas Labor Code. *See* TEX. LABOR CODE ANN. § 21.254 (West 2006). In contrast, this case involves a claim for breach of contract and waiver of immunity from suit under section 271.152 of the Texas Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 271.152.

Second, as set forth above, in *Williams*, the Texas Supreme Court held that for purposes of waiver of immunity from suit under section 271.152 of the Texas Local Government Code, three elements must be established:

> (1) the party against whom the waiver is asserted must be a "local governmental entity" as defined by section 271.151(3), (2) the entity must be authorized by statute or the Constitution to enter into contracts, and (3) the entity must in fact have entered into a contract that is "subject to this subchapter," as defined by section 271.151(2).

*Williams*, 353 S.W.3d at 134–35.

In its appellate brief, Santa Rosa has not addressed these elements, except with respect to what it describes as Rigney's claim for "unpaid change orders." In connection with this claim, Santa Rosa argues that "there is no contract" signed by the governmental entity. Subsequently, however, Santa Rosa clarifies that there is no change order signed by Santa Rosa and, thus, Rigney is not entitled "to any payment over and above the original price of the contract." Santa Rosa further clarifies that

6

"change orders" are expressly provided for in the parties' contract, which requires that change orders be signed by both parties. Thus, Rigney's claim for "unpaid change orders" and Santa Rosa's defense to that claim are both based on the parties' written contract. Accordingly, we conclude that for purposes of section 271.152, Santa Rosa has not negated the existence of a contract. *See* TEX. LOC. GOV'T CODE ANN. § 271.152.

Third, to the extent that Santa Rosa relies on the decision of the San Antonio Court of Appeals in *Roma Independent School District v. Ewing Construction Company*, we believe its reliance on that decision is misplaced. *See Roma Indep. Sch. Dist. v. Ewing Const. Co.*, No. 04-12-00035-CV, 2012 Tex. App. LEXIS 5968 (Tex. App.—San Antonio July 25, 2012, pet. filed) (mem. op.). Like the instant case, *Roma* involved a suit by a construction company against a school district alleging a claim for breach of contract. *See id.* at *2–3. On appeal, the school district maintained that "the trial court erred in denying its plea [to the jurisdiction] because the contract could not have been breached in the manner alleged." *Id.* at *6. The San Antonio Court of Appeals disagreed, noting that "the evidence raise[d] fact issues" pertaining to the alleged breach that "precluded the trial court from granting the [school] district's plea to the jurisdiction." *Id.* at *6–8. "[M]ore fundamentally," the court explained, "[a] plea to the jurisdiction does not authorize an inquiry so far into the substance of the claims presented that plaintiffs are required to put on their case simply to establish jurisdiction." *Id.* at *8–9 (quotations omitted). Thus, "arguing that the breach of contract claim will fail does not deprive the trial court of jurisdiction to hear it—or in the Legislature's own words, adjudicate it." *Id.* at *9 (quotations omitted). Accordingly, the court held that

7

"because the contract between the [school] district and [the plaintiff] was for the provision of goods and services to the [school] district, the [school] district's immunity from suit [was] waived for purposes of adjudicating [the plaintiff's] claim for breach of contract." *Id.* at *6.

We agree with the San Antonio Court of Appeals that "the purpose of a plea to the jurisdiction is to defeat a cause of action without regard to whether the claims asserted have merit." *Id.* at *8 (quotations omitted). "A plea [to the jurisdiction] should be decided without delving into the merits of case." *Id.* (quotations omitted). "In this context, once the trial court determines whether the contract falls within the provisions of section 271.152, it need not parse further the pleadings or the contract to determine whether the legislature has waived immunity for breach of contract claims." *Id.* at *9 (quotations omitted). Accordingly, we reject Santa Rosa's argument that the elements of a breach of contract claim are jurisdictional for purposes of section 271.152. *See* TEX. LOC. GOV'T CODE ANN. § 271.152.

In sum, Santa Rosa has not demonstrated that the trial court committed reversible error in finding a waiver of immunity pursuant to section 271.152. *See id.* Accordingly, Santa Rosa's first issue is overruled.

## V. CONTRACT ADJUDICATION PROCEDURES

In its second issue, Santa Rosa argues that Rigney's claims are barred under section 271.154 of the Texas Local Government Code because Rigney failed to comply with the contract's requirement that Rigney file a grievance pursuant to Santa Rosa policy before filing suit. *See id.* § 271.154 (West 2005).[2] According to Santa Rosa,

---

[2] Section 271.154 of the Texas Local Government Code states as follows:

compliance with the contract's adjudication procedures is a prerequisite to invoking the waiver in section 271.152. *See id.* § 271.152. As Santa Rosa notes in its appellate brief, however, the Houston Court of Appeals for the First District recently rejected this argument, holding that "[s]ection 271.154 provides that such procedures are enforceable, but it does not provide that compliance with them is a prerequisite to invoking the waiver in section 271.152." *Port Freeport v. RLB Contracting, Inc.*, 369 S.W.3d 581, 592 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). According to Santa Rosa, "the Houston court simply got it wrong in deciding that section 271.154 does not have jurisdictional effect." Yet, we note that the Dallas Court of Appeals has also reached the same conclusion that section 271.154 does not have jurisdictional effect. *See City of Mesquite v. PKG Contracting, Inc.*, 263 S.W.3d 444, 448 (Tex. App.—Dallas 2008, pet. denied) (holding that failure to comply with contract's adjudication procedure "may be an affirmative defense to the merits of the suit, but it would not deprive the trial court of subject matter jurisdiction").

Santa Rosa argues that there is no waiver of immunity because Rigney did not comply with the terms of the parties' contract. Yet, this would conflict with section 271.152, which provides that a local governmental entity "that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract." TEX. LOC. GOV'T CODE ANN. § 271.152. Furthermore, section 271.154 states that the contract's adjudication procedures are

> Adjudication procedures, including requirements for serving notices or engaging in alternative dispute resolution proceedings before bringing a suit or an arbitration proceeding, that are stated in the contract subject to this subchapter or that are established by the local governmental entity and expressly incorporated into the contract or incorporated by reference are enforceable except to the extent those procedures conflict with the terms of this subchapter.

TEX. LOC. GOV'T CODE ANN. § 271.154 (West 2005).

"enforceable except to the extent those procedures conflict with the terms of this subchapter." *See id.* § 271.154.

Based on the foregoing, we conclude that compliance with contract adjudication procedures is not a prerequisite to invoking the waiver in section 271.152. *See id.* § 271.152. Accordingly, Santa Rosa's second issue is overruled.

## VI. CONSEQUENTIAL DAMAGES CLAIM

In its third issue, Santa Rosa argues that the trial court erred in denying its plea to the jurisdiction as it related to Rigney's claim for consequential damages because section 271.153 of the Texas Local Government Code states that immunity is not waived for claims to recover consequential damages. *See id.* § 271.153 (West Supp. 2011). We disagree. "The purpose of section 271.153 is to limit the amount due by a governmental agency on a contract once liability has been established, not to foreclose the determination of whether liability exists." *Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 840 (Tex. 2010). Accordingly, Santa Rosa's third issue is overruled.

## VII. CONCLUSION

The order of the trial court is affirmed.

_____
NORA L. LONGORIA
Justice

Delivered and filed the
13th day of June, 2013.

10